1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSCHEL ROTHSCHILD EL, Moorish American National, Sui Juris, formerly known as Kondwani Saeed Davis,<br><br>Plaintiff,<br>v.<br><br>NATIONAL SECURITY AGENCY and its officers, agents, and assigns,<br><br>Defendant. | CASE NO. 2:25-cv-01698-TL<br><br>ORDER OF DISMISSAL |

This case arises out of alleged "systemic fraud rooted in the Federal Usurpation of 1861, and its present manifestation in unlawful surveillance, harassment, and deprivation of rights by the National Security Agency." Dkt. No. 4 (complaint) at 1–2. This matter is before the Court on its own motion. Having reviewed Plaintiff's complaint, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. The Court therefore DISMISSES the complaint and GRANTS Plaintiff leave to file an amended complaint.

ORDER OF DISMISSAL – 1

## I. BACKGROUND

On September 4, 2025, Plaintiff, proceeding pro se, filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. On September 8, 2025, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's application for IFP, but also recommended review under 28 U.S.C. § 1915(e)(2)(B) before issuance of a summons. Dkt. No. 3. After Plaintiff's complaint was docketed on September 8, 2025, Plaintiff filed a series of notices and affidavits on the docket (Dkt. Nos. 5, 6, 8, 9, 10, 11, 12), as well as a motion for default judgment (Dkt. No. 7).

## II. LEGAL STANDARD

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. C14-378, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).

Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). However, a plaintiff still must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a plausible claim for relief in federal court, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

556). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.*

Where a plaintiff proceeds pro se, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [pro se] claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see, e.g., Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("'[C]ourts should not have to serve as advocates for pro se litigants.'") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### III.   DISCUSSION

Federal Rule of Civil Procedure 8 requires, among other things, that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Upon reviewing the proposed complaint (Dkt. No. 1); the 35 pages of exhibits that accompany the proposed complaint (Dkt. Nos. 1-1 through 1-10); the docketed complaint (Dkt. No. 4); "Notice of Filing" (Dkt. No. 4-1); "Notice and Petition for Equitable Subrogation, Substitution, and Discharge of Debt" (Dkt. No. 4-2); "Writ in Abatement in Equity" (Dkt. No. 4-3); "Supplemental Affidavit in Support of Petition" (Dkt. No. 5); "Affidavit of Standing and Status" (Dkt. No. 6); "Motion for Default Judgment" (Dkt. No. 7); "Notice and Petition for Writ of Quo Warranto" (Dkt. No. 8); "Notice of Default and Opportunity to Cure" (Dkt. No. 9); "Notice and Correction of Cause of Action" (Dkt. No. 10); "Proposed Order Correcting Cause of Action to Exclusive Equity" (Dkt. No. 10-1); "Affidavit & Judicial Notice of Fraudulent Status Correction" (Dkt. No. 11); and "Notice of Filing FOIA Denial Letters as Exhibits" (Dkt. No. 12), the Court is unable to locate a short and plain statement of Plaintiff's claim. Even after

construing these filings "liberally" and holding them to "less stringent standards than formal pleadings drafted by lawyers," the Court cannot discern a proper cause of action. *Hebbe*, 627 F.3d at 342.

The clearest statement of Plaintiff's intention in filing this lawsuit is found on the Civil Cover Sheet. Dkt. No. 1-10. Plaintiff invokes the Court's subject-matter jurisdiction by checking the "U.S. Government Defendant" box. *Id.* As to the nature of the suit, Plaintiff has checked the boxes for "Other Civil Rights" and "Other Statutory Actions." *Id.* Plaintiff does not cite the statutes under which the case has been filed, but instead writes "Petition for writ of mandamus, equitable subrogation, & Quo Warranto under maxims of equity Marbury v. Madison etc." *Id.* Although the Court does not expect the standardized Civil Cover Sheet to convey the full scope of a complaint, the pleading itself is similarly short on detail. The only misconduct that Plaintiff alleges in the complaint are "[t]he NSA's acts of covert monitoring, gangstalking, and psychological intimidation [that] proceed not under constitutional authority but under corporate/military tenancy." Dkt. No. 4 at 2. Plaintiff, however, does not describe any specific incidents or identify any bad actors beyond the "NSA." *See id.* Beyond this broad allegation, the bulk of Plaintiff's filings comprise legal maxims and case citations, but nothing specific regarding Plaintiff's cause(s) of action. *See, e.g.*, Dkt. No. 4-3 at 2–4. Such lack of detail means that Plaintiff has not "nudged [the] claims . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570)).

Courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore grant Plaintiff leave to file an amended complaint that sufficiently "plead[s] factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. If Plaintiff fails to file an amended complaint by the deadline, or if the amended complaint fails to state a plausible claim for relief, the Court will

ORDER OF DISMISSAL – 4

dismiss this case in its entirety. The Court further advises that Plaintiff must file the amended complaint, along with any supporting documentation, *as a single document*. *See Thompson v. Seattle Public Schs.*, No. C25-468, 2025 WL 1736264, at *2 (W.D. Wash. June 23, 2025) (advising plaintiff to "make sure that all the arguments and supporting material she wishes to raise are included in a *single* filing at the time she files the document").

### IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) Plaintiff's complaint (Dkt. No. 4) is DISMISSED WITHOUT PREJUDICE. However, the Court GRANTS Plaintiff leave to amend the complaint **within thirty (30) days** of this Order. Therefore, any amended complaint is due by **October 14, 2025.**[1]

(2) If Plaintiff does not file an amended complaint by October 14, 2025, the case will be DISMISSED WITHOUT PREJUDICE.

(3) Plaintiff's motion for default judgment (Dkt. No. 7) is DENIED AS MOOT.

Dated this 12th day of September 2025.

Tana Lin
United States District Judge

---

[1] Tuesday, October 14, 2025, is the first business day following the deadline, which falls on a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C); LCR 6(a).

ORDER OF DISMISSAL – 5