UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSCHEL ROTHSCHILD EL, Moorish American National, Sui Juris, formerly known as Kondwani Saeed Davis,<br><br>Plaintiff,<br>v.<br><br>NATIONAL SECURITY AGENCY and its officers, agents, and assigns,<br><br>Defendants. | CASE NO. 2:25-cv-01698-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff's "Amended Petition in Equity and Motion to Vacate Dismissal" (Dkt. No. 15), which the Court construes as a motion for reconsideration of its September 12, 2025, order of dismissal (Dkt. No. 14).

### I.  BACKGROUND

On September 8, 2025, the Court granted Plaintiff's petition to proceed in this case *in forma pauperis* (Dkt. No. 3) and docketed Plaintiff's complaint (Dkt. No. 4). On September 12, 2025, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

determined that "the bulk of Plaintiff's [complaint and subsequent filings] comprise[s] legal maxims and case citations, but nothing specific regarding Plaintiff's cause(s) of action." Dkt. No. 14 at 4. The Court concluded that Plaintiff had failed to state a claim upon which relief could be granted, dismissed the complaint without prejudice, and provided Plaintiff with a deadline of October 14, 2025, to file an amended complaint. *See id.* at 4–5.

On September 29, 2025, Plaintiff filed the instant motion. Dkt. No. 15.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

### III. DISCUSSION

Plaintiff asserts that the Court erred when it "dismissed this cause by treating it as a statutory FOIA claim. This was and remains a Petition in Exclusive Equity, not under statutes." Dkt. No. 15 at 2. Plaintiff continues, "Thus, the dismissal is void as it failed to address the Petition on its equitable merits and ignored Petitioner's established status." *Id.*

Plaintiff mischaracterizes the Court's order. The Court dismissed Plaintiff's complaint because it was "unable to locate a short and plain statement of Plaintiff's claim." Dkt. No. 14 at 3. In short, "the Court c[ould] not discern a proper cause of action." *Id.* at 4. Plaintiff's short motion here, which does little more than assert in a conclusory manner that the Court erred, does not demonstrate that the Court manifestly erred when it deemed the complaint deficient under Federal Rule of Civil Procedure 8. Further, all of the documentary evidence attached to the instant motion (Dkt. No. 15-1) pre-dates Plaintiff's complaint, indicating that it does not represent new facts or new legal authority that Plaintiff could not have brought to the Court's attention before. Therefore, Plaintiff has not carried the "heavy burden" attendant to a motion for reconsideration.

### IV. CONCLUSION

Therefore, Plaintiff's motion to vacate dismissal (Dkt. No. 15) is DENIED. The deadline set in the Court's prior Order of Dismissal (Dkt. No. 14) remains in place. **If Plaintiff does not file an amended complaint by October 14, 2025, the case will be DISMISSED WITHOUT PREJUDICE.**

Dated this 30th day of September 2025.

Tana Lin
United States District Judge